**Mary M. GARLIC, Plaintiff,**

v.

**David MATHEWS, Secretary, Department of Health, Education and Welfare, Washington, D. C., Defendant.**

**Civ. A. No. 75–0184.**

United States District Court, W. D. Virginia.

Oct. 22, 1976.

Harlin Perrine, Salem, Va., for plaintiff.

Morgan E. Scott, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

The plaintiff, Mary M. Garlic, has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying her claim for benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901, *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue before this court is whether the Secretary's decision is supported by substantial evidence. If it is, the court must affirm. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966).

The claimant's husband died on May 31, 1968. An autopsy showed that the cause of death was "cor pulmonale and chronic pulmonary fibrosis and emphysema". At the administrative hearing of this case, the Administrative Law Judge took judicial notice of the fact that claimant's husband, George, was entitled to "black lung" benefits at the time of his death, because at that time he was totally disabled due to pneumoconiosis arising out of his coal mining employment. The Administrative Law Judge also took judicial notice of the fact that Mr. Garlic's death was caused by his pneumoconiosis. (Record, at 31–2). Therefore, Mr. Garlic's condition is not at issue in this case.

In an opinion eventually adopted by the Secretary as the final decision in the case, the Administrative Law Judge correctly found that Mrs. Garlic is the "surviving divorced wife" of the deceased miner within the meaning of 20 C.F.R. § 410.321, since they were married throughout the 20 years preceding their divorce. The Administrative Law Judge further found that Mrs. Garlic was not entitled to benefits under the Act since she did not meet the dependency requirements of 20 C.F.R. § 410.361. This finding was also correct under the facts of this case.

In order to meet the dependency requirements of the Act, a "surviving divorced wife" must prove that at least one of the following three situations existed in the month preceding the month in which the miner died. She must have been either (1) receiving at least one-half of her support from the miner, or (2) receiving substantial contributions from the miner pursuant to a written agreement, or (3) there must have been in effect a court order for substantial contributions to her support to be furnished by such miner. 20 C.F.R. § 410.361.

All of the testimony in this case leads inexorably to the conclusion that claimant hasn't proven that any of these requirements were satisfied in her situation in the month preceding the month in which the miner died. It is undisputed that Mrs. Garlic was not at all dependent upon her former husband for support, nor was there any written agreement or court order which entitled her to receive substantial contributions to her support from him. Rather, the evidence presented established that he was disabled and was incapable of supporting himself, much less anyone else. In fact, the testimony stated that Mrs. Garlic furnished him with support in the form of a large percentage of her own paycheck, and that the only support she received in return was a few vegetables out of his garden.

The evidence above is certainly adequate to support the Secretary's decision that this plaintiff has not established her entitlement to benefits. Therefore, this court is constrained to find that decision is supported by substantial evidence, and must be affirmed. Accordingly, final judgment dismissing plaintiff's complaint will be entered on behalf of the Secretary, and it is so ORDERED.